VOIGT MILLING CO. v. KOOIMAN.

1. SALES—BALANCE DUE—WEIGHT OF EVIDENCE.

In action for balance due on account under contract for sale of flour and feed, verdict for defendant for amount claimed as overpayment, *held*, contrary to overwhelming weight of evidence.

2. Same—Evidence.

Where defendant claimed that contract for purchase of flour and feed was signed by him in blank as to quantity and prices, and that prices subsequently inserted were in excess of those orally agreed upon, but on cross-examination testified that he did not expect to buy below market price, general price list bearing date within day or two of date of contract should have been admitted.

Appeal from Ottawa; Miles (Fred T.), J. Submitted January 19, 1932. (Docket No. 167, Calendar No. 36,096.) Decided March 2, 1932.

Assumpsit by Voigt Milling Company, a Michigan corporation, against Peter Kooiman for balance due on account. Verdict and judgment for defendant for claimed overpayment. Plaintiff appeals. Reversed, and new trial ordered.

*Louis H. Osterhous* (*Dunham, Taylor & Allaben*, of counsel), for plaintiff.

*Charles E. Misner,* for defendant.

North, J. Plaintiff, a corporation operating flour and feed mills at Grand Rapids, brought suit against defendant, a retail dealer in flour and feed, for $2,092.93 alleged by plaintiff to be due as balance on account. Under the plea of general issue, defendant gave notice of overpayment on his account in the sum of $225.89. The jury rendered a verdict for the amount claimed by defendant. Plaintiff's motion for a new trial on the ground that the verdict was contrary to the great weight of evidence, and also on other grounds, was denied. Plaintiff has appealed.

For many years defendant incident to the conduct of his retail business had purchased flour and feed

from plaintiff corporation; but the portion of the account involved in this litigation is that between October 5, 1928, and September 2, 1930. On the former date plaintiff claims these parties entered into a written contract whereby it sold to defendant for future delivery 1,000 barrels of flour at fixed prices, some of which was $6.50 per barrel, some $6.90, and some $7; also 75 tons of bran at $32 per ton, and middlings at $39 per ton. On December 6, 1929, the parties entered into a similar contract by which plaintiff claims it sold to defendant 400 barrels of flour at $6.90 per barrel, and 75 tons of bran and middlings at $31 and $35, respectively, per ton. There is no controversy as to the amount delivered, and at the contract prices named plaintiff would be entitled to recover the amount for which it brought suit. On the part of defendant it is claimed that the two above-mentioned contracts were signed by him in blank as to the amount of flour and other mill products purchased and also as to prices; and that the prices as subsequently inserted in these blank contracts were in excess of those the parties had agreed upon and which were to be inserted in the written contracts. In this connection it is defendant's claim that the agreed price of one brand of flour was $5 per barrel, and the others $5.35 per barrel, and the bran and middlings respectively at $25 and $28 per ton.

The ground of appeal most strongly pressed is that the verdict and judgment were contrary to the overwhelming weight of the evidence. In considering this ground of appeal, we will not attempt to review in every detail the testimony taken. Plaintiff's contention is supported by the testimony of Charles F. Voigt, with whom defendant had his dealings. The testimony of Mr. Voigt is corroborated

by plaintiff's bookkeeper and also by Mr. Saxton, who was a salesman in connection with the business between plaintiff and defendant. Plaintiff's case was further supported by the book account which it kept in detail of the various items. A rather singular phase of this record is that defendant also kept a book account which corresponded in every essential detail with plaintiff's account; but in this connection defendant seems to claim he kept two accounts, and he testified:

"I just simply kept that book for the price they had given me, and I had another book where I had the rate price the same as he has, he has got two books too. * * * I kept one book for to know where I was at, and I knew where the prices was when I got the prices; I always had that in the book too."

It also appears from the record that on statements rendered to him in accordance with the prices contained in the written contracts defendant made payments from time to time. During the period covered by this record he made 17 such payments and on three occasions the payments made balanced the account to date.

The contrary showing in behalf of defendant is confined largely to his own oral testimony. He testified that on each occasion after signing a contract in blank he received a copy within a few days, that he thereupon discovered that it did not conform to the oral agreement of the parties, that he took the matter up in person on various occasions with Mr. Voigt and was assured that the terms of the written contract would be changed, that he relied upon Mr. Voigt and continued to transact the business upon the strength of this assurance. Mr. Voigt denied having had interviews of this character. The

defendant produced a memorandum as to the prices which he claimed were orally agreed upon, which memorandum he testified he had made at the time of the October, 1928, agreement. His explanation as to how he came to enter into a second contract of the same character more than a year after the first contract, notwithstanding plaintiff's failure to correct the first one, is not at all satisfactory. The bookkeeping entries of each of the parties disclose that many deliveries were made by plaintiff and the billing accepted by defendant on the basis of the prices embodied in the written contracts; and on such billings without protest other than that to which defendant testified, as above noted, payments were made to plaintiff from time to time. These and other circumstances disclosed by the record convince us that the verdict rendered was contrary to the overwhelming weight of the evidence.

Appellant assigns as error that the trial court excluded from evidence a general price list of flour and feed bearing date of October 4, 1928, which was within a day or two of the date of the contract. On cross-examination defendant testified:

"*Q.*   *   *   *   You don't claim that you were buying flour and feed from them below the market prices?

"*A.*   Why certainly not. They ain't going to give it to me for less than anybody else in this respect.   *   *   *

"*Q.*   And you also claim   *   *   *   that the prices in these contracts are way above the prices at which they were selling the same flour, bran, and middlings for, to other customers at the same time?   *   *   *

"*A.*   Yes, sir."

Following this cross-examination plaintiff offered the price list in evidence, asserting it was material

in connection with the defendant's testimony "that he expected that he was buying flour and produce at the current market prices." If there was testimony that fair market prices at the time were set forth in the price list we think it was admissible as bearing upon defendant's claim, notwithstanding it was not exhibited to him at the time the contract was consummated. 4 Jones on Evidence (2d Ed.), p. 3225; 13 Encyclopedia of Evidence, p. 517. Without holding this ruling of itself amounted to reversible error, we think the price list should have been received in evidence in view of defendant's testimony on cross-examination.

It is unnecessary to discuss other reasons assigned in support of plaintiff's appeal. Judgment entered in the circuit court is set aside, and a new trial ordered. Appellant will have costs of this court.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.